UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES TRACK & FIELD AND CROSS COUNTRY COACHES ASSOCIATION** | * * * | Civil Action No.: |
| **Plaintiff,** | * * | |
| **VERSUS** | * * | District Judge: |
| **FLOSPORTS, INC. and DIRECTATHLETICS, INC.** | * * | Magistrate Judge: |
| **Defendants.** | * * | **JURY DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

U.S. Track & Field and Cross Country Coaches Association ("USTFCCCA"), Plaintiff, through its undersigned counsel, submits this Complaint for Declaratory Judgment and Other Relief in accordance with 28 U.S.C. § 2201, *et seq.*, and requests the entry of a judgment granting declaratory relief and any other relief allowed by law against Defendants FloSports, Inc. ("FloSports") and DirectAthletics, Inc. ("DA"), based on the allegations, circumstances and facts described herein, and avers:

**SUMMARY OF THE ACTION**

1. The captioned matter is brought under federal copyright law and seeks a declaratory judgment that USTFCCCA is the co-author of the Track & Field Results Reporting System ("TFRRS"), including all associated versions and derivative works thereof. TFRRS is a joint work that was created and developed by USTFCCCA with defendant DA and which FloSports now claims to have acquired from DA without USTFCCCA's prior consent or knowledge. As a co-

owner of TFRRS, a joint work, USTFCCCA is entitled to complete access to TFRRS, including total and unrestricted access to all tools, information, identifiers, statistics and data sets housed at the TFRRS website or otherwise comprising TFRRS in any way.  Additionally, USTFCCCA is entitled to be consulted before any changes can be made that would affect TFRRS' operations and/or functionality, including changes to any means and methods through which data is reported, selected, identified, collected or stored on the TFRRS site, and USTFCCCA is entitled to a declaration that TFRRS be reverted to the form in which it existed prior to DA's improper attempt to sell TFRRS to FloSports without USTFCCCA's consent.

## THE PARTIES

2.	USTFCCCA is a non-profit, tax-exempt professional organization that was incorporated in Louisiana and maintains a principal place of business in New Orleans, Louisiana. USTFCCCA represents thousands of cross-country and track & field coaches from all NCAA levels as well as NAIA and NJCAA programs, in addition to a number of state high school coaches associations.  USTFCCCA advocates for coaches and programs, providing a leadership structure to assist the needs of its diverse membership and working as a liaison between the various stakeholders in the subject sports.

3.	FloSports is a streaming-based sports media company incorporated in Delaware with a principal place of business in Austin, Texas.  It offers live video streams of lesser-exposed and lesser-known sports and sporting events, including high school and collegiate track and field and cross-country events, and offers other related content as well, such as editorial content, on a monthly or annual subscription basis.  Among its other offerings, FloSports claims to offer

"exclusive content and robust editorial coverage" of collegiate track and field and cross-country events, which it claims is "[p]owered by" its alleged "acquisition of" TFRRS.

4. DA is private company incorporated in Massachusetts and which maintains a principal place of business in Coral Springs, Florida. DA promotes itself as a provider of data and event management for timed sports such as collegiate track and field and cross-country events and its infrastructure was integrated into the system developed by USTFCCCA that became TFRRS.

## JURISDICTION AND VENUE

5. This action seeks declaratory judgment pursuant to 28 U.S.C. §2201, declaring that USTFCCCA is a co-author and co-owner of TFRRS, a joint work for which FloSports is now improperly claiming complete ownership.

6. This Court has original subject matter jurisdiction over this matter under 28 U.S.C. §1338(a) because it seeks declaratory judgment concerning questions of federal law arising under the U.S. Copyright Act, 17 U.S.C. §101 et seq.

7. DA and FloSports are subject to personal jurisdiction before this Court because they have entered into business contracts and engaged in business activities in the State of Louisiana, including (in the instance of DA) contracts and activities relating to the creation of TFRRS, and have otherwise established systematic and continuous contacts within the State of Louisiana via the timing and reporting of college and high school track & field and other event results occurring in Louisiana, the streaming of college and high school track & field and other events occurring in Louisiana and similar activities thereby making the exercise of personal jurisdiction in this matter proper.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) as a substantial portion of the events and omissions giving rise to this claim occurred in this judicial

district and a substantial portion of the property subject to this action, including USTFCCCA's contributions to the creation of TFRRS, is situated in this district.

**FACTS**

9. TFRRS was originally conceived by USTFCCCA to create a reliable and comprehensive database/data set of track & field event results, as well as of other pertinent athlete and event information, which required developing and creating an appropriate and effective set of rules, methods and data points that would achieve the desired result.

10. The data collected and sorted by TFRRS was designed to serve as an NCAA-wide proof of performance system, comprehensive results reporting system, and a tool through which eligibility for, and invitations to, appropriate events, including the NCAA Cross-Country Championships and Indoor and Outdoor Track & Field Championships, could be reliably and correctly determined.

11. Prior to the development of TFRRS, there existed no centralized and reliable event reporting system, and race/event results as well as athlete information was often reported untimely to the necessary stakeholders or was reported inaccurately or sometimes not reported at all. This resulted in unreliable performance lists and left the NCAA and other relevant stakeholders with no way to ensure that the most accurate data was being factored into event invitations.

12. Upon devising the idea and initial parameters for TFRRS, USTFCCCA partnered with DA to create the information systems needed to make TFRRS operable and available/accessible to potential online users, including event planners, coaches, timekeepers, etc. This included programming to assign each individual athlete his/her own unique identifier so that

each athlete's results could be accurately tracked and differentiated from athletes with the same or similar names, etc.

13.    USTFCCCA expended considerable efforts to obtain buy-in from NCAA Division I, II and III stakeholders, and USTFCCCA ultimately devised of and convinced the NCAA to adopt a mandatory reporting system that has assured that the data reported to and posted on the TFRRS website is both comprehensive and accurate.

14.    USTFCCCA officially introduced TFRRS via the press release attached hereto as Exhibit "A," which is dated October 23, 2009, and in which USTFCCCA noted that NCAA coaches would first have access to the TFRRS website, powered by DA, on November 2, 2009.

15.    Thereafter, the NCAA issued the memorandum attached hereto as Exhibit "B," which is also dated October 23, 2009, and wherein the NCAA advised that "all institutions must ensure that the electronic submission of results from any competition in which their student-athletes compete are reported by the meet host to the Track and Field Results Reporting System (TFRRS) of the U.S. Track and Field and Cross Country Coaches Association (USTFCCCA) through the online provider DirectAthletics."

16.    In addition to the NCAA, the NAIA, which adopted TFRRS for the 2010-11 indoor and outdoor track season, has presented TFRRS to its coaches and institutions as being a product "of the U.S. Track and Field and Cross Country Coaches Association (USTFCCCA) through the online provider, DirectAthletics" per the NAIA manual excerpts attached hereto as Exhibit "C."

17.    Following TFRRS' initial rollout in 2009, USTFCCCA and DA continued to collaborate on ways to improve and audit the data collected by TFRRS and the data reporting

process. The USTFCCCA heavily monitored the data, scanning for inaccuracies, duplicate information, incorrect scoring and was proactive in detecting illegitimate performance marks.

18. USTFCCCA also worked with DA to develop and implement a companion system for reporting and posting cross-country event results and data (TFRRS-XC) and USTFCCCA has consistently and repeatedly been called upon as the authoritative source for identifying the necessary data for collection and refining the manner in which it is collected, sorted and presented.

19. Upon information and belief, DA was acquired by, and became a subsidiary of, FloSports at some point in mid-to-late 2023.

20. Upon further information and belief, DA offered to FloSports complete access to and control over TFRRS as part of FloSports' acquisition of DA.

21. DA has never sought to acquire USTFCCCA's co-ownership rights in TFRRS from USTFCCCA, nor has USTFCCCA ever divested itself of its co-ownership rights in TFRRS.

22. DA did not inform USTFCCCA that DA was being acquired by FloSports prior to any such acquisition and DA never informed USTFCCCA that DA intended to include any rights to TFRRS in any such acquisition of DA by FloSports.

23. Beginning in late 2023, USTFCCCA was locked out from the administrative pages that allowed access to the data files (CSVs) that contain event, roster and performance data.

24. Beginning in December 2023, all coaches, including USTFCCCA membership, were not able to view their full roster information which included the unique identifiers that were used to report performance data.

25. Additionally, beginning in late 2023 or early 2024, the athlete-specific identifiers that had been used to track each participating athlete across events and over time were eliminated

and replaced with temporary event-specific identifiers that have impaired TFRRS' functionality. These changes have also placed an additional and unnecessary burden on the relevant stakeholders, including coaches, event organizers and timekeepers who are now forced to log in and obtain a temporary identifier for each participant prior to each event and are now forced to conduct extra tasks and dedicate additional efforts to track athletes across events. The TFRRS data is now housed at a site run through FloSports which requires all stakeholders to access DA's/FloSports' website prior to each event as well. USTFCCCA was not consulted before these changes occurred and USTFCCCA has not consented to same.

26. USTFCCCA has made requests to resolve this dispute amicably to no avail.

## COUNT ONE
### Declaratory Judgment

27. USTFCCCA repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

28. TFRRS is a joint work incorporating the encoding rules authored by USTFCCCA and the information systems authored by DA as a complete work. USTFCCCA is the co-author and co-owner of the copyrighted work as provided for by the Copyright Act, 17 U.S.C. §101 et seq.

29. DA was aware of USTFCCCA's ownership interest in TFRRS and, with scienter, failed to apprise FloSports of this fact when it purported to transfer rights in TFRRS to FloSports as part of FloSports' acquisition of DA. Alternatively, FloSports was aware that USTFCCCA was a co-owner of TFRRS and has improperly claimed to have acquired all rights to TFRRS from DA while knowing that DA did not possess fully ownership rights.

30. FloSports' current conduct of restricting USTFCCCA's access to TFRRS and modifications made to TFRRS' functionality and operability directly conflict with and cause harm to USTFCCCA's ownership rights in TFRRS.

31. By virtue of the foregoing, an actual and justiciable controversy exists between USTFCCCA and DA/FloSports with respect to USTFCCCA's co-ownership of TFRRS.

32. Accordingly, USTFCCCA is entitled to a declaration that it is a co-owner of TFRRS and a co-owner of the copyright to TFRRS.

## JURY DEMAND

USTFCCCA is entitled to, and hereby demands, a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, USTFCCCA demands judgment against DA and FloSports, defendants herein, as follows:

A. A declaration that USTFCCCA is the co-author of TFRRS and co-owner of the copyright to TFRRS;

B. A declaration that as a co-owner of TFRRS, USTFCCCA is entitled to complete and unrestricted access to TFRRS, including but not limited to all tools, information, identifiers, statistics and data sets housed on the TFRRS website and/or otherwise comprising any part of TFRRS;

C. A declaration that unilateral assignment by DA of TFRRS to FloSports did not convey the interest of USTFCCCA as joint author of the work;

D. A declaration that TFRRS must revert back to the form in which it existed prior to DA's purported assignment of TFRRS to FloSports and that all future modifications of TFRRS require USTFCCCA's prior consent;

E. An award to USTFCCA of its attorney's fees and costs of suit; and

F. For such other and further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Alex P. Tilling*

**ALEX P. TILLING (#29686)**
**Leake & Andersson LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Telephone:   (504) 585-7500
Facsimile:   (504) 585-7775
Email: *atilling@leakeandersson.com*

*Attorneys for Plaintiff,*
*U.S. Track & Field and Cross-Country*
*Coaches Association*

**PLEASE HOLD SUMMONS**