UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES TRACK & FIELD AND CROSS COUNTRY COACHES ASSOCIATION** | * * * | **Civil Action No.:** **2:24-cv-2736-JCZ-JVM** |
| Plaintiff, | * * | |
| **VERSUS** | * * | **District Judge Zainey** |
| **FLOSPORTS, INC. and DIRECTATHLETICS, INC.** Defendants. | * * * * | **Magistrate Judge van Meerveld** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

Defendants' Reply further exposes their inability to meet the burden required for discretionary transfer under § 1404(a). Where a valid forum selection clause exists, the moving party bears the burden of proving both the existence of an enforceable agreement and that the claims fall within its scope. *Atlantic Marine Const. Co. v. U.S. Dist. Court*, 571 U.S. 49, 64 (2013). Defendants have failed on both counts.

**1.  Defendants' Purported "Proof" of Consent to the TFRRS Terms of Use Is a Blank Form that USTFCCCA Has Never Completed**

Defendants' Exhibit 1, purporting to prove USTFCCCA's agreement, is merely a screenshot of the current TFRRS account creation page—not evidence that USTFCCCA ever actually agreed to the Terms of Use. This blank form proves nothing about what USTFCCCA saw, when it saw it, or whether it ever clicked any checkbox. Defendants' assertion that USTFCCCA "necessarily" or "must have" agreed remains pure speculation insufficient to establish the foundational requirement for enforcing any contractual provision.

USTFCCCA denies that it ever accepted the TFRRS Terms of Use as Defendants argue, and specifically denies creating an account or authorizing the creation of an account on the TFRRS website, since USTFCCCA does not believe creating such an account was necessary to effectuate the types of use of the website that it was engaged in. Defendants have provided no evidence to the contrary—only speculation about what USTFCCCA "must have" done.

Moreover, Defendants' position in their Reply conflicts with their original argument in the Motion to Transfer that "to use TFRRS, USTFCCCA necessarily agreed to the Terms of Use" because "[i]n order to register as a user of TFRRS, registrants must check a box agreeing to the Terms of Use." (R. Doc. 17, p. 7). This broad assertion implied that **any** use of the TFRRS website required registration and acceptance of the Terms of Use. Now, Defendants concede that while not all website use requires registration, USTFCCCA's particular uses of the website **did** require registration and acceptance of the Terms of Use. (R. Doc. 20, pp. 6-7). Courts require actual evidence of contract formation, not categorical, evolving assertions that are purely self-serving.

Moreover, this shift in Defendants' position only highlights the fundamental evidentiary deficiencies in their argument. Despite their claim that USTFCCCA's use of the website required creation of an account and acceptance of the Terms of Use, Defendants have failed to establish:

(1)     what functionality on the TFRRS website actually requires registration versus features that are available to unregistered users;

(2)     facts regarding USTFCCCA's actual website usage, such as which features or functions USTFCCCA accessed and when; or

(3)     evidence that USTFCCCA ever actually created an account, went through a registration process, or clicked any agreement checkbox.

Moreover, Defendants fail to establish when any forum selection clause was added to the website. USTFCCCA began using TFRRS in 2009, but Defendants provide no evidence the current terms existed during the relevant time period. Without establishing these foundational facts, Defendants cannot prove that USTFCCCA was ever required to accept the Terms of Use containing the forum selection clause. Their shifting arguments only underscore that they are asking this Court to enforce a contractual provision based on speculation rather than evidence.

### 2. Defendants' Reply Confirms USTFCCCA's Claims Fall Outside the Scope of Any Forum Selection Agreement.

Defendants' scope argument cherry-picks one narrow aspect of USTFCCCA's copyright claims while ignoring the fundamental nature of this dispute. USTFCCCA's claims do not "aris[e] out of or relat[e] to the use of" the TFRRS website, but instead arise primarily from:

- Joint authorship and co-ownership rights established through creative contributions beginning in 2009, before any website terms raised by Defendants were in effect;
- Defendants' unauthorized acquisition of TFRRS without USTFCCCA's consent as co-owner; and
- Defendants' anticompetitive conduct in the merger and post-merger market manipulation.

These claims exist independently of any user-website relationship. They challenge Defendants' very authority to operate TFRRS to USTFCCCA's exclusion, not the quality of website services. The distinction is critical: website terms govern user-platform relationships, not fundamental ownership disputes between joint creators.

### CONCLUSION

Defendants' Reply confirms their inability to meet the burden for discretionary transfer. They provide no evidence of USTFCCCA's actual agreement to forum selection, mischaracterize

the scope of claims covered by any website terms, and fail to identify extraordinary circumstances warranting transfer from proper Louisiana venue to a forum with no factual connection to this dispute. Their motion should be denied.

                                        Respectfully submitted,

                                        */s/ Matthew M. McCluer*
                                        **ALEX P. TILLING (#29686)**
                                        **MATTHEW M. McCLUER (#33970)**
                                        **CLAIRE A. DiMARIA (#40755)**
                                        **Leake Andersson LLP**
                                        1100 Poydras Street, Suite 1700
                                        New Orleans, LA 70163-1701
                                        Telephone:   (504) 585-7500
                                        Facsimile:    (504) 585-7775
                                        Email: atilling@leakeandersson.com
                                                       mmccluer@leakeandersson.com
                                                       cdimaria@leakeandersson.com

                                        ***Attorneys for Plaintiff, U.S. Track & Field and Cross-Country Coaches Association***