**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES TRACK & FIELD** | * | **CIVIL ACTION** |
| **AND CROSS COUNTRY COACHES** | * | **NO.  2:24-cv-2736-JCZ-JMV** |
| **ASSOCIATION,** | * | |
| Plaintiff, | * | |
| | * | |
| **VERSUS** | * | **SECTION "A"** |
| | * | **JUDGE CRAIN** |
| **FLOSPORTS, INC. AND** | * | |
| **DIRECTATHLETICS, INC.,** | * | |
| Defendants. | * | |
| | * | **MAG. DIV. (2)** |
| | * | **MAG. JUDGE van Meerveld** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CONSENT PROTECTIVE ORDER, AS AMENDED BY THE COURT

**IT IS HEREBY STIPULATED** by and between Defendants, FloSports, Inc. and Directathletics, Inc., and United States Track & Field and Cross Country Coaches Association ("USTFCCCA") as follows:

**WHEREAS**, pursuant to Federal Rule of Civil Procedure 26(c), documents and information produced or exhibited by and among the parties to this action will include confidential business information.

**THEREFORE**, an Order protecting such confidential business information shall be and is hereby made by this Court on the following terms:

1.     This Order shall govern the use, handling and disclosure of all documents, testimony and/or information produced or given in this action that are designated to be subject to this Order.

2.     Any party (collectively, "person" or "persons") producing or filing documents in this action that have been deemed confidential for the reasons set forth in the preamble may

designate such documents and the information contained therein as subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." If the document or information is not in paper form, the producing person shall use other such reasonable means as necessary to clearly identify the documents or information as "Confidential."

a. If either party objects to the designation of a document as "Confidential," they shall in good faith confer or attempt to confer with the designating person in an effort to resolve the dispute without court action. If the parties are not able to resolve the dispute, the objecting party may challenge the objection of confidentiality by motion, which must be filed within thirty (30) days. If no motion is filed within thirty (30) days, the challenge to the objection of confidentiality is waived.

b. During the time that documents designated as "Confidential" are disclosed in a deposition, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Confidential" information or document is discussed, any person who has not or will not expressly agree to be bound by this Protective Order. Appropriate sections of depositions or hearing transcripts may be designated "Confidential" by any party objecting on the record and stating their intention to so designate the section of the deposition or transcript at the time of the deposition. If no objection is made on the record, the objection of confidentiality is waived. A party may challenge the objection of confidentiality by motion, which must be filed within thirty (30) days. If no motion is filed within thirty (30) days, the challenge to the objection of confidentiality is waived. All persons shall treat as "Confidential" the portion of the transcript containing an objection of

confidentiality unless and until the Court has overruled the objection by the above-described motion procedure.

c. The inadvertent disclosure of a document that could properly be designated as "Confidential" shall be without prejudice to the producing person and shall not, standing alone, waive the right to subsequently so designate the document. If a party designates a document as "Confidential" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated "Confidential."

d. The parties have agreed that inadvertent disclosure subject to the attorney-client privilege or work product doctrine (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work product doctrine if a claim of privilege and request for return of such documents or information is subsequently made after the producing person learns of its inadvertent production. The receiving person shall immediately return such documents or information subject to protection under the attorney-client privilege or work product doctrine after receiving the written notice from the producing person, shall delete and/or destroy any copies of the subject documents or information that remain in its possession, and shall not disclose the contents of the subject documents or information to any person for any purpose after notification by the party asserting privilege.

3.     Any documents, discovery responses, testimony materials or information designated or marked "Confidential" may be disclosed by the receiving party only to the following persons; receiving party is hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein:

a.  The attorneys of record for the receiving party and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, outside attorneys assisting in the prosecution or defense of this action, employees of the attorneys of record or assisting outside attorneys, legal support service personnel and their employees;

b.  Independent experts and consultants and their employees. No documents or information designated as "Confidential" shall be provided to any expert or consultants or the employees of either until the expert, consultant or employee has read this Order and has agreed to abide by its terms by signing a copy of the attached "Certification;"

c.  The Court, Court personnel and Court reporters;

d.  The parties, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of this litigation; and

e.  Such other persons as are designated by the producing party and agreed to by all other parties in writing or by Court order. No documents or information designated as "Confidential" shall be provided to any such persons (excluding subpart (c)) until they have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification."

4.    This Orders does not, standing alone, authorize the filing of any document under seal.    The parties shall refer to the procedure set forth in this Court's ~~standing Order referred to as Procedures for Filing Documents Under Seal in Civil cases, which is located on the Court's website~~. Local Rule 5.6 to request that information desginated "Confidential" be filed under seal.    *JvM*

5.    All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, other than solely for the purpose of this litigation and in preparation for trial in accordance with the provisions of this Order.

6.    Nothing in this Order shall prevent a party from using at trial, at deposition or any hearing, any information or materials designated "Confidential."

7.    This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

8.    Within sixty (60) days of the conclusion of this action and following a written request by the designating person, all documents, transcripts, or other material (including copies) afforded "Confidential" treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be returned to the person who produced or furnished them. This Paragraph will not prevent the party returning the "Confidential" materials from redacting information on copies of the "Confidential" materials which in the good faith judgment of counsel constitutes work product.

9.      If at any time any party having possession, custody, or control of "Confidential" materials is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production of such information, the person to whom the subpoena or other process is directed shall provide written notice to the counsel for the party that had designated the materials as "Confidential" within ten (10) business days of receiving the subpoena or not less than five (5) business days prior to producing the "Confidential" material, whichever is earlier.

10.     Except pursuant to order of the Court after a request for the release of "Confidential" documents under this Order, "Confidential" documents may not be used or disclosed by the parties, counsel for the parties or any other persons identified herein for any purpose whatsoever other than in this litigation, which includes any appeal thereof.

11.     This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Orde by its terms.

New Orleans, Louisiana, this 13th day of April, 2026.


_____
**HON. JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

## ATTACHMENT A

## CERTIFICATION AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledge and approve the Consent Protective Order attached hereto,

understand the terms thereof, and agree to be bound by those terms.

_____

Attorney Name

_____

Party represented

_____

Attorney Name

_____

Party represented